

5 Becker Farm Road
Roseland, New Jersey 07068
www.walderhayden.com
973-992-5300

MEMBER OF NEW JERSEY AND NEW YORK BARS
CERTIFIED BY THE SUPREME COURT AS A
CIVIL AND CRIMINAL TRIAL ATTORNEYS

JAMES A. PLAISTED | SHAREHOLDER
Direct Dial: 973-436-4104
Direct Fax: 973-436-4214
jplaisted@walderhayden.com

OUR FILE NO. 27268.001

October 1, 2014

**Via Electronic Filing**
Honorable William J. Martini
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    ***Bobby James et al v. Global Tel * Link Corp., et al.***
              ***Civil Action No.: 13-4989 (WJM) (MF)***

Dear Judge Martini:

      We are co-counsel for Plaintiffs in the above matter. This responds to GTL's September 26, 2014 letter regarding Plaintiffs' request to withdraw their Federal Communications Act ("FCA") and New Jersey Public Utilities ("BPU") statute claims.

      GTL's suggestion that Plaintiffs' non-FCA and non-BPU causes of action should still be "referred" to the FCC and BPU is nothing but a stalling tactic.[1] "The doctrine of primary jurisdiction applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." Op. at 8, (quoting *Raritan Baykeeper v. NL Industries, Inc.*, 660 F.3d 686, 691 (3d Cir. 2011)). Plaintiffs' claims for under the New Jersey Consumer Fraud Act, 42 U.S.C. § 1983, or unjust enrichment claims, do not fall within the regulatory scheme of either the FCA or BPU, the FCC and the BPU have no special competence in resolving those claims vis-à-vis the Court, nor would either body have jurisdiction to rule that GTL's past practices violated the Consumer Fraud Act, §1983 or constituted unjust enrichment. Likewise, neither the FCC nor the BPU could provide any relief

---

[1]    As the Court observed in its Opinion, there is no mechanism in place to request or demand that an administrative agency rule on an issue before the Court. (Docket Entry 35 ("Op.") at 8). Exhibit C to Defendant's submission indicates that 10 years passed between the petition with the FCC and the Order declaring that such rates were unreasonable.

*Hon. William J. Martini*
*October 1, 2014*
*Page 2*



WALDER HAYDEN P.A.

to Plaintiffs or other class members on those claims.[2] The only purpose to be served in having these administrative agencies decide Plaintiffs' state law claims is to delay resolution of Plaintiffs' claims for years, which is the result Plaintiffs were attempting to avoid by withdrawing their FCA and Public Utilities' claims in the first instance.

If GTL sincerely believes that an Amended Complaint should be filed, we can do so. However, GTL's insistence that Plaintiffs file a motion to do so is further stalling. If GTL believes that filing an amended complaint to accomplish withdrawing the FCA and BPU claims, it should consent to the amendment. Plaintiffs can file an appropriate amended complaint in short order. Likewise, GTL's suggestion that it is necessary to file a second motion to lift the stay after the (unnecessary) motion for leave to amend is decided. The terms of the Court's stay order are self-executing. The stay is lifted when, *inter alia*, Plaintiffs withdraw their FCA claims. As a result, there is no need for a motion to ask the Court for relief that the Court has already provided for in a pre-existing order. GTL is raising procedural hurdles that would prevent the case from substantively proceeding before the end of the year, when the same result could be accomplished in a matter of days either by the Court entering Plaintiffs' previously submitted proposed order or by Plaintiffs' filing an amended complaint on consent.

Thank you for your attention to this matter. If the Court has any questions, we are available at your convenience.

Respectfully Submitted,
Walder Hayden PA

_____
By: JAMES A. PLAISTED

JP/nld

cc: **Via ECF**
    Lindsey H. Taylor
    James E. Cecchi
    Philip R. Sellinger

---

[2] The FCC at least has authority to provide relief to a petitioner for violation of the FCA. *See* 47 U.S.C. § 207. The BPU's authority is restricted to setting rates. It has no authority to provide any affirmative relief to Plaintiffs or class members; Plaintiffs' remedies for violation of the Public Utilities statute is self-help, *see Public Utilities Electric Co. v. Board of Public Utilities of the City of Plainfield*, 87 N.J.L. 128, 130 (Sup.Ct. 1915) *aff'd* 88 N.J.L. 603, 608-09 (E. & A. 1916), or to file a civil action. *See National Radiator Co. v. Pennsylvania Railroad Co.*, 6 N.J.Misc. 778, 783-84 (Cir.Ct. 1928).