UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BOBBIE JAMES, *et al.* on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs**<br><br>v.<br><br>**GLOBAL TEL\*LINK CORP., *et al.*,**<br><br>**Defendants.** | Docket No.: 2:13-cv-04989-WJM-MF<br><br><br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs bring this class action against Defendant Global Tel\*Link and its subsidiaries (collectively, "GTL" or "Defendants") in connection with GTL's provision of inmate calling services ("ICS") to correctional facilities in New Jersey. In the wake of a settlement between Plaintiffs and Defendants, ECF No. 250 (the "Settlement"), several non-class members who are plaintiffs in a separate pending putative class action against GTL (the "Proposed Intervenors") have moved to intervene or, in the alternative, for leave to appear as *amicus curiae*, and "conditionally object" to the Settlement (the "Motion"). ECF No. 255. For the reasons set forth below, the Motion is **GRANTED** for the limited purpose of permitting Proposed Intervenors to participate at the Fairness Hearing as *amicus curiae* and object to the Settlement.

I.      BACKGROUND

   A.      Factual Background and Procedural History

The facts and procedural history of this case were set forth in detail in the Court's opinions granting class certification, ECF No. 179 ("Class Cert. Opinion"), and denying summary judgment, ECF No. 181 ("SJ Opinion"), familiarity with which is assumed.

In the two years since the issuance of the Class Cert. Opinion and SJ Opinion, the parties have taken a number of steps towards resolving this seven-year old case. First, on March 2, 2020, the Court granted GTL's motion for judgment on the pleadings, dismissing with prejudice the Plaintiffs' Fifth Amendment "Takings" claim, and leaving Plaintiffs' claims under the New Jersey Consumer Fraud Act in Count 1 of the Complaint as the only certified class action claim set for trial. *See* ECF. Nos. 244, 245. Second, the parties engaged in multiple rounds of mediation, and participated in settlement conferences held by the Court, most recently on March 3, 2020.

As a result of these developments and the efforts of the parties in negotiations overseen by experienced mediators and by the Court, the parties reached agreement on the

Settlement. The Settlement provides, in relevant part, for the payment of up to $25 million in cash and credits to the *James* Class,[1] Settlement §§ 8, 14, as well as a release of GTL by each of the *James* Class members of any and all claims that were or could have been brought in the Complaint. Settlement §§ 1(u) (defining "Released Claims"), 16 (governing the release of claims).

On July 15, 2020, this Court preliminarily approved the Settlement, ECF No. 251 ("Preliminary Approval Order"), finding that the Settlement "resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval" and "raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that it satisfies the requirements under Fed.R.Civ.P. 23 and due process." Preliminary Approval Order ¶ 1. The Preliminary Approval Order scheduled a hearing on final approval of the Settlement (the "Fairness Hearing") for October 15, 2020, and set the deadline for any objections to the Settlement for September 21, 2020. On September 21, 2020, the Proposed Intervenors filed the instant motion to intervene, or in the alternative, to serve as *amicus curiae*. No objections to the Settlement by members of the *James* Class were filed or otherwise received by the Court.[2]

### B. The *Githieya* Action

In 2015, approximately two years after the commencement of this case, the Proposed Intervenors commenced a separate putative class action that is currently pending before the United States District Court for the Northern District of Georgia in a case captioned *Githieya v. Global Tel Link Corp.*, Civil Action No. 1:15-cv-00986-AT (the "*Githieya* Action"). In the *Githieya* Action, the Proposed Intervenors, as the named plaintiffs in the putative class (the "Putative *Githieya* Class"), have asserted claims relating to GTL's "inactivity policy" whereby GTL allegedly converted outstanding balances on prepaid accounts used to make or receive calls from certain correctional institutions into revenue after certain periods of inactivity on such accounts. *See* Mot., Ex. 4. Unlike the *James* Class, which, generally speaking, is limited to persons who either were incarcerated in New Jersey correctional institutions between 2006 and 2016 and who made phone calls using GTL's services, or established "AdvancePay accounts" with GTL so as to receive phone calls from such incarcerated persons, the Putative *Githieya* Class encompasses all persons nationwide who funded a prepaid account through GTL's system and had a positive balance on such account reduced to $0.00 after a period of account inactivity of 180 days or less. *Id.*

Although the nationwide scope of the Putative *Githieya* Class could potentially result in overlap between members of the *James* Class and those of the Putative *Githieya* Class, the *Githieya* court has not yet certified any class. As such, neither the existence of

---

[1] For clarity, the certified class in this case will be referred to as the "*James* Class".

[2] Five members of the *James* Class sought to be excluded from the Settlement by exercising their right to opt-out. Supplemental Decl. of Steven Giannotti, Ex. A, ECF No. 266-1.

any such overlap, nor the scope thereof, is known with any reasonable certainty by either the Plaintiffs, GTL, the Proposed Intervenors, the *Githieya* court, or this Court. Moreover, the Proposed Intervenors themselves, who are the only active plaintiffs in the *Githieya* Action, are each residents of Georgia who have neither made nor received calls from a New Jersey correctional institution using a prepaid account through GTL's systems, and are thus *not* members of the *James* Class.

GTL and the Proposed Intervenors have apparently known for quite some time that there may be potential overlap between the *James* Class and the Putative *Githieya* Class. There appears to be a significant dispute, however, before both this Court in resolving the instant motion and the *Githieya* court, between the Proposed Intervenors and GTL over (1) the relatedness of the claims raised in the *Githieya* Action to the claims raised in this case; and (2) the scope of the release of claims in the Settlement and the potential preclusive effect thereof on the claims of Putative *Githieya* Class members.

In light of this dispute, the Proposed Intervenors have apparently sought, but were denied or otherwise not entitled, to participate in settlement negotiations in this case, discovery relating to the negotiations of the Settlement, and clarification from GTL regarding its understanding of the scope of the Settlement's release provisions and a stipulation concerning the potential preclusive effect thereof in the *Githieya* Action. Specifically, the Proposed Intervenors (1) on April 6, 2020, upon learning of a potential settlement in this case, sent a letter to GTL demanding the inclusion of a specific carve out for "inactivity claims" at issue in the *Githieya* Action and notifying GTL that they would object to the Settlement if such a carve out were not included, Mot., Ex. 2 at 12-14; and (2) on June 8, 2020, eleven days after the terms of the Settlement were made publicly available on this Court's docket, sent a second letter to GTL, copying Plaintiffs, requesting that GTL enter into a stipulation waiving any arguments that the Settlement would preclude certain claims which may be subsequently litigated in the *Githieya* Action or, in the alternative, provide additional information related to the Settlement of this case and the potential overlap between members of the *James* Class and Putative *Githieya* Class, *id.* at 2-6. On June 29, 2020, GTL responded to the Proposed Intervenors' requests, declining either to enter into any stipulation or waive any rights with respect to the potential effects the Settlement may have on the *Githieya* Action or to provide any further discovery or information with respect thereto. Mot., Ex. 3.

On August 4, 2020, the Proposed Intervenors filed an emergency motion in the *Githieya* Action for discovery into the identification of potentially overlapping class members between the *James* Class and the Putative *Githieya* Class, the value of the "inactivity" claims of any such overlapping class members, and the value of the recoveries under the Settlement for any such overlapping class members. Mot., Ex. 5. Following a telephonic hearing, on August 14, 2020, the *Githieya* court denied the Proposed Intervenors' emergency motion and indicated that any concerns over the fairness and reasonableness of the Settlement were more appropriately addressed by this Court in the context of deciding whether to finally approve the Settlement. Mot., Ex. 7 at 4:22-5:4.

3

The instant Motion and attached conditional objection raising the Proposed Intervenors' concerns are now before the Court.

## II.     DISCUSSION

Proposed Intervenors argue they should be allowed to participate in these proceedings, including the Fairness Hearing, on three separate grounds: (1) as intervenors as of right pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a)(2); (2) as permissive intervenors pursuant to FRCP 24(b); or (3) as *amicus curiae*. Each basis is addressed in turn.

### A.     Intervention

Proposed Intervenors argue they are entitled to participate in this case as a matter of right, or, in the alternative, the Court should exercise its broad discretion to permit Proposed Intervenors to participate in order to protect their interests and the interests of members of the Putative *Githieya* Class. Both Plaintiffs and Defendants oppose the Motion, arguing, among other things, that interests of *James* Class members, including those who may be members of the Putative *Githieya* Class, are adequately represented by Class Counsel, fairly compensated by the Settlement, and that Proposed Intervenors' speculative interests in the outcome of this case based on the hypothetical effects such outcome may have on the *Githieya* Action are insufficient to warrant their intervention in this case on the eve of settlement. The Court agrees with Plaintiffs and Defendants.

#### 1.     Intervention as of Right

Under FRCP 24(a)(2), a third party seeking to intervene in an action as of right must establish that (1) the motion to intervene is timely; (2) the third party has a sufficient interest in the litigation; (3) such interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) such interest is not adequately represented by an existing party in the litigation. *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005). To meet this standard, a proposed intervenor's "claimed interest in the litigation must be one that 'is specific [to those seeking to intervene], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought.'" *Benjamin v. Dep't of Public Welfare of Pa.*, 432 F. App'x 94, 97 (3d Cir. 2011) (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998)). "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998). In other words, a proposed intervenor "must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987).

Proposed Intervenors have failed to establish that they have a sufficient direct interest in this case so as to entitle them to intervene. Proposed Intervenors themselves are not members of the *James* Class and their own specific claims or interests, whether pursued individually or as part of a future certified class, would in no way be impaired or otherwise effected by the resolution of this case. *See Cole v. NIBCO, Inc.*, No. 3:13-cv-7871-FLW-TJB, 2016 WL 1313106, at *6 (D.N.J. Apr. 4, 2016) (denying motion to intervene as of

4

right where denial of intervention would not interfere with proposed intervenors ability to pursue their own claims in separate proceeding). Although Proposed Intervenors argue that they have a fiduciary duty to advocate on behalf of members of the Putative *Githieya* Class, the fact remains that no class in the *Githieya* Action has been certified, and Proposed Intervenors do not represent the as-yet unidentified absent *James* Class members in this case who may one day become absent class members in the *Githieya* Action.

Moreover, even assuming Proposed Intervenors could intervene on behalf of unidentified absent members of the Putative *Githieya* Class who may also be members of the *James* Class in order to protect interests that Proposed Intervenors themselves do not have, Proposed Intervenors have failed to demonstrate either that there is a "tangible threat" to the interests of such absent class members or that such interests are not adequately represented by the named Plaintiffs and Class Counsel in this case.

It is clear that the Settlement does not concretely affect or tangibly threaten any direct interest of any Putative *Githieya* Class member. First, the only Putative *Githieya* Class members that could even theoretically be affected by the Settlement are also actual members of the *James* Class. As such, each such *James* Class member has the right not only to opt out of the class, but to object to the Settlement to protect their own interests. *Demarco v. Avalonbay Communities, Inc.*, No. 15-628 (JLL) (JAD), 2016 WL 5934704, at *5 (D.N.J. Oct. 12, 2016) (holding that rights of proposed intervenors in a class action who were members of the certified class were not impaired by class settlement where they, as all other class members, "ha[d] the option of either participating, objecting or opting-out of" the settlement); *Little-King v. Hayt Hayt & Landau*, No. 11-5621 (MAH), 2013 WL 4874349, at *21 (D.N.J. Sept. 10, 2013) (finding no impairment of a practical interest sufficient to justify intervention as of right where proposed intervenors had the right, as class members, to object to class settlement and preserve their rights without intervention). Moreover, any impairment of any such Putative *Githieya* Class member's interests is entirely speculative and depends on a number of critical assumptions that leave the prospect of such impairment far too remote to justify intervention in this case, including: (1) that a nationwide class encompassing some portion of the absent class members in this case is certified in the *Githieya* Action; (2) that such absent class members would choose to participate in any such class action; and (3) that the court in the *Githieya* Action determines that such absent class members are barred from recovering on the claims asserted therein.

Finally, Proposed Intervenors' argument that the interests of absent *James* Class members who may have "inactivity claims" as part of the Putative *Githieya* Class are not adequately represented is without merit. There is no question that Class Counsel, after seven years of litigation, have worked diligently to maximize recoveries for all *James* Class members. Nor does this case present an allocative intra-class conflict in which subsets of the class have divergent or competing interests over a single pool of money. *Compare Dewey v. Volkswagen AG*, 681 F.3d 170, 187-88 (3d Cir. 2012) (finding representative plaintiffs did not adequately represent entire class where different sub-classes of plaintiffs had incentives under settlement allocation plan to exclude other plaintiffs from priority rights to settlement funds). Simply put, there is no basis to find that, with respect to the

claims raised, litigated, and settled in this action, and for which the *James* Class has been certified, the interests of all *James* Class members have not been adequately represented. In so holding, the Court joins in the conclusions reached by other courts in this district that have expressly rejected arguments similar to that raised by Proposed Intervenors here that the potential scope of the release in the Settlement could unfairly prejudice a subset of *James* Class members and therefore render their interests adverse to those of the named Plaintiffs. *Demarco*, 2016 WL 5934704, at *5-6 ("This Court finds that because the existing Plaintiffs are seeking to maximize their economic recovery in the same way as the potential intervenors, there is no adversity of interest."); *Little-King*, 2013 WL 4874349, at *21 (finding that proposed intervenors' interests with respect to claims raised and resolved in the class action were adequately represented by class counsel).

Accordingly, Proposed Intervenors' motion to intervene as of right is **DENIED**.

### 2. Permissive Intervention

Proposed Intervenors also move the Court to exercise its discretion and permit them to intervene in this action under FRCP 24(b). Under FRCP 24(b), the Court may grant permissive leave to intervene if the proposed intervenor (1) acts timely, and (2) shares a claim or defense to that of the case. Fed. R. Civ. P. 24(b). Whether to grant leave to intervene pursuant to FRCP 24(b) is within the sound discretion of the Court. *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). In exercising its discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). For all the reasons described above, and because allowing the Proposed Intervenors to participate as full parties to this action with all the rights attendant thereto would significantly delay the resolution of this case to the detriment of all existing parties, the Court finds that intervention by the Proposed Intervenors would not be appropriate here. Proposed Intervenors' motion for leave to intervene is therefore **DENIED**.

### B. Leave to Appear as *Amicus Curiae*

In the alternative to intervention, Proposed Intervenors seek leave to appear in this case as *amicus curiae*. This Court has "the inherent authority to appoint amicus curiae to assist in [its] proceedings." *Price v. Corzine,* 06–1520, 2006 WL 2252208, at *2 (D.N.J. Aug. 7, 2006). In deciding whether to permit a third party to appear as *amicus curiae*, the Court considers four factors: (1) whether the *amicus curiae* has a special interest in the particular case; (2) whether the *amicus curiae*'s interest is not represented by the existing parties; (3) whether the proffered information is timely and useful; and (4) the *amicus curiae* is not partial to a particular outcome in the case. *Granillo v. FCA US LLC*, No. 16-153 (FLW) (DEA), 2018 WL 4676057, at *4 (D.N.J. Sept. 28, 2018). "The extent, if any, to which an amicus curiae should be permitted to participate in a pending action is solely within the broad discretion of [the Court]." *Professional Drug Co. v. Wyeth*, No. 11-5479 (JAP), 2012 WL 4794587, at *1 (D.N.J. Oct. 3, 2012).

Here, consideration of these factors supports allowing Proposed Intervenors to participate in the Fairness Hearing as *amicus curiae*. As the named plaintiffs in the *Githieya* Action, in which class certification has been pending for approximately two years, Proposed Intervenors undoubtedly have a special interest in this case. Indeed, the precise scope of this case has been the subject of numerous pleadings, hearings, and testimony in the *Githieya* Action, and the district court in that case has expressed her own concerns about the relationship between this case and the *Githieya* Action.

In addition, the Court has its own concerns about the conduct and positions of the parties, and, in deciding whether to finally approve the Settlement as fair, adequate, and reasonable, must act as a fiduciary for absent class members. To that end, the issues highlighted by Proposed Intervenors go to the heart of that inquiry and were not otherwise raised by either party to this case. Therefore, the Court finds that Proposed Intervenors' interests are not represented by the parties in the case and that their insight may be useful in evaluating whether to finally approve the Settlement.

Lastly, Proposed Intervenors are not partial to any particular outcome in this case. While they certainly have an interest in protecting the claims of Putative *Githiyea* Class members, the outcome of this case would not affect any legal rights of the Proposed Intervenors themselves, and "there is no rule that *amici* must be totally disinterested." *United States v. Akaalbi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002).

Accordingly, Proposed Intervenors will be allowed to appear as *amicus curiae* for the limited purpose of participating in the Fairness Hearing and objecting to the Settlement.

### III.  CONCLUSION

For the reasons stated above, the Motion is **GRANTED** for the limited purpose of permitting Proposed Intervenors to appear at the Fairness Hearing as *amicus curiae* and to object to the Settlement.

          */s/ William J. Martini*
          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 22, 2020**