UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BOBBIE JAMES**, *et al.* **on behalf of themselves and all others similarly situated,**<br><br>      **Plaintiffs**<br>   v.<br><br>**GLOBAL TEL\*LINK CORPORATION, INMATE TELEPHONE SERVICE, and DSI-ITI LLC,**<br>      **Defendants.** | Civil Action No. 13-4989 (WJM)(MF)<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENTS, GRANTING AWARD OF ATTORNEYS' FEES AND EXPENSES, GRANTING CASE CONTRIBUTION AWARDS AND APPROVING PLAN OF ALLOCATION** |

**THIS MATTER** having been opened to the Court by Class Counsel for final approval of the proposed Settlement[1] of the Action with Defendants Global Tel\*Link Corporation, and DSI-ITI LLC (together "GTL") and one conditional objection having been received, and the Court having read the parties' papers and good cause appearing for the reasons set forth on the record on October 15, 2020,

**IT IS** on this 20th day of October, 2020,

**ORDERED** and **ADJUDGED** as follows:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the Parties and each of the Direct Purchaser Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof the Settlement Agreement filed with the Court on May 28, 2020. and the Notice and

---

[1] Unless otherwise noted, capitalized terms used herein have the meanings ascribed to them in the Settlement Agreement.

**Error! Unknown document property name.**

the Summary Notice, which were filed with the Court on May 28, 2020 and July 2, 2020, respectively.

3. **Notice** – Notice of Class Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses and case contribution awards was given to all Class Members who were readily and reasonably identified by or were previously identified the Claims Administrator. The form and method of notifying the Class of the motion for an award of attorneys' fees, reimbursement of litigation expenses and case contribution awards satisfied the requirements under Fed.R.Civ.P. 23 and due process, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5. **Objections** – The Court has considered the motion to intervene and submit a conditional objection. Docket Entry 255.  The objector's motion to intervene is granted for the sole purpose of appearing as *amicus curiae* and objecting to the Settlement. Amicus's objection to the Settlement is overruled for the reasons set forth on the record.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Fed.R.Civ.P. 23, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement; the releases provided for therein; and the dismissal with prejudice of the action) and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

7. The Action and all of the claims asserted against GTL are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

8. **Binding Effect** – The terms of the Settlement Agreement and of this Order shall be forever binding on GTL, Class Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a payment pursuant to the Plan of Allocation set forth in the Settlement Agreement ), as well as their respective successors and assigns. The persons listed on Exhibit 1 hereto are deemed excluded from the Class pursuant to Docket Entries 199-8 and 266-1 and are not bound by the terms of the Settlement Agreement or this Order. Other than those parties listed on Exhibit 1, there are no persons excluded from the Class and not bound by the terms of the Settlement Agreement or this Judgment.

9. The provisions of paragraphs 16 and 17 of the Settlement Agreement, together with the definitions contained in paragraph 1 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects.

10. Notwithstanding paragraph 9 above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Fed.R.Civ.P. 11, and the requirements of 28 U.S.C. § 1927, in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Whether or not Final Judgment is entered or the Settlement Agreement is terminated, the Parties expressly agree that the Settlement Agreement and its contents, and any and all statements, negotiations, documents, and discussions associated with it,

are not and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by GTL.  Nothing in the Settlement Agreement shall affect the application of Federal Rule of Evidence 408 in any instance where it would otherwise apply.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement, including the administration and execution and disputes that may arise concerning the Settling Parties' cooperation); (b) the distribution of the Settlement Payments; (c) any motion for an award of attorneys' fees and/or expenses by Class Counsel in the Action that will be paid by GTL; and (e) the Class Members for all matters relating to the Action.

14. **Modification of the Agreement of Settlement** – Without further approval from the Court, Class Counsel and GTL are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Class Counsel and GTL may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement or the Final Judgment otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Class Plaintiffs, the other Class Members and GTL, and the Parties shall revert to their respective positions in the Action as of the date and time immediately prior to the execution of the Settlement Agreement.

16. **Fee and Expense Award** – Class Counsel are hereby awarded attorneys' fees and reimbursement of out-of-pocket expenses in the amount of $8,332,500 which fees and expenses are being paid in addition to the Class relief and do not in any way diminish the potential total class recovery.  All fees and expenses awarded by the Court shall be paid by GTL unless such awards are inconsistent with the terms of the Settlement Agreement, and the Court finds the sums awarded to be fair and reasonable.  Class Counsel shall allocate the attorneys' fees awarded amongst themselves in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action with GTL.

17. **Factual Findings** – In making this award of attorneys' fees and expenses the Court has considered and found that:

(a) The Settlement will provide up to $25 million in combined cash and credits to Class members independent from the award of fees and expenses.  Current GTL AdvancePay customers and prisoners will receive credits into their respective accounts without having to submit a Claim Form.  Former GTL customers who submit acceptable claim forms will receive cash payments from GTL pursuant to the terms of the Settlement Agreement.  All of the foregoing Class Members will benefit from the Settlement that occurred because of the efforts of Class Counsel;

(b) More than 521,000 copies of the Notice were sent via email and regular mail to Class Members stating that Class Counsel would apply for attorneys' fees and expenses in an amount up to $8,332,500 and Case Contribution Awards of no more than $15,000 to each of the Class Representatives;

(c) No objections were filed concerning the requested fees and expenses;

(d) Class Counsel have conducted the litigation against GTL and achieved the Settlement with skill, perseverance, and diligent advocacy;

5

(e) The Action raised a number of complex issues;

(f) Had Class Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Class may have recovered less or nothing from GTL;

(g) Plaintiffs' Counsel have devoted more than 7,627.9 hours to the prosecution of the claims against GTL, with a lodestar value of approximately $5,112,355.57 and have continued to and will continue to accrue lodestar administering the settlement and preparing for and attending the final approval hearing; and

(h) The amount of attorneys' fees awarded and expenses to be reimbursed by GTL are fair and reasonable and consistent with awards in similar cases.

18. **Case Contribution Awards** – Each of the following Class Representatives Bobbie James, Betty King, Barbara Skladany and Mark Skladany is hereby awarded $15,000 each for their work, representing the Class in the Action. These awards are in addition to whatever monetary amounts the Class Representatives may receive from the Settlement proceeds pursuant to the Plan of Allocation.

19. **Approval of Plan of Allocation** – The Court hereby finds and concludes that the formula for the calculation of the claims of Class Members as set forth in the Settlement Agreement and described in the Notice sent to Class Members and posted on the Settlement Website provides a fair and reasonable basis upon which to allocate the Settlement Payments among Class Members with due consideration having been given to administrative convenience and necessity.

20. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by the parties.

21. **No Impact on Judgment** – Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application, or the approval of the plan of allocation, shall in no way disturb or affect the finality of this Order.

22. **Entry of Judgment** – There is no just reason to delay the entry of Judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action.

WILLIAM J. MARTINI, U.S.D.J.

# EXHIBIT 1

JANE BRUNO
BRUNI NICHOLAS
MARIANELA MALDONADO
JOANNA SALGADO
AAKASK DALAL

ALICE HUME
ANA CASTILLO
ANGIE APARICIO
ARELIA MARTINEZ
BRENT NAPOLEON
CELSO AGUSTIN
CHRISTINE PROKOPOWITZ
COLLEEN PRICE
ELENA LINO
GERALDENE ARRARTE
JASMINE BROWN
JILLIAN MADISON
MARGARET HARTOFIL
MI HYUN KIM
SMRITI SAHHA
TERRY NAPOLEON
HENRY HIGBEE
SAMANTHA CHRISTIE
IDA AYALA